DECISION
Before this Court is the plaintiff's motion for summary judgment and defendant Rhode Island Council 94, Local 2045's motion for summary judgment, defendant International Association of Firefighters' motion to dismiss and defendant International Brotherhood of Police Officers Local 312's cross motion for summary judgment.
These matters came before this Court while I was sitting on temporary assignment in Kent County during August, 1997. Based on the age of the contracts in dispute, the tortious relationships among the parties and the law as this Court discerned it to be, the Court suggested mediation as an effort to resolve these long standing disputes and to avoid further bloodshed. To the parties' credit, mediation began with all agreeing on the appointment of Professor Craig Overton as mediator. Mediation sessions which involved not only the parties and mediator, but the Court itself, extended from the end of August, 1997 through March, 1998. As a result, the Town of West Warwick entered into collective bargaining agreements with its municipal union (Rhode Island Council 94, Local 2045), and its firefighters (International Association of Firefighters) in December, 1997. Said contracts extended far beyond the three year period in question. Unfortunately, negotiations/mediation with the International Brotherhood of Police Officers Local 312 have resulted in impasse and failure to reach a final accord. As a result, this Court is constrained to decide the motion for summary judgment filed by the Town of West Warwick and the cross motion for summary judgment filed by the International Brotherhood of Police Officers, Local 312. Nonetheless, the Court commends all of the parties in this action for their efforts in resolving these long running disputes and urges the Town of West Warwick and the International Brotherhood of Police Officers, Local 312 to continue their efforts at mediation/negotiations as, despite the outcome of this action, and without such successful efforts at negotiation, these parties are destined to years of contentiousness without any end in sight.
 FACTS/TRAVEL
In 1993, the Town of West Warwick conducted negotiations with the International Association of Firefighters, Local 1104, International Brotherhood of Police Officers, Local 312, and the Rhode Island Council 94, AFSCME, Local 2045 for municipal employees. Mayor O'Hare led the negotiations and entered into an agreement with the three unions. The mayor executed the tentative collective bargaining agreement without submitting them to the Town Council for approval. The mayor did not adhere to several of the council's guidelines for the collective bargaining agreements. The town council sought advice from the town solicitor as to whether the Mayor's agreements were binding on the town. The town solicitor issued a legal opinion which concluded that the mayor's agreements were binding on the town even without council approval. The town solicitor relied on a Superior Court decision entitled Providence City Council v.Vincent A Cianci, P.C. 92-6925 in forming his legal opinion.
On September 14, 1993 three resolutions to ratify the police, fire and municipal employees collective bargaining agreements were rejected by the council. On July 1, 1994 even though the council had rejected the collective bargaining agreements, the town implemented pay increases contained in these agreements. On December 7, 1994 the Supreme Court overturned the decision of the Superior Court in Providence City Council v. Vincent A. Cianci,650 A.2d 499 (R.I. 1994). Thereafter the council enacted resolution 95-10 which allowed the rejected police and firefighters agreements to operate for a period of 90 days. The council resolution specified that after the 90 days the agreements would no longer be in force.
The collective bargaining agreements provided for a wage re-opener on July 1, 1995. On February 17, 1995 the firefighters union filed a demand for interest arbitration in connection with the July 1, 1995 wage re-opener provision. The council offered to renegotiate with all these unions but each union rejected this offer. On April 5, 1995 the town filed a declaratory judgment action asking the Court to declare that the West Warwick Home Rule Charter in effect in 1993 required town council approval for the collective bargaining agreements to be enforceable and that the tentative collective bargaining agreements between the town and the unions are null and void.
The plaintiff moves for summary judgment arguing that the Home Rule Charter clearly requires town council approval for a contract on behalf of the town to be valid and binding. The plaintiff argues that the mayor did not have unilateral authority to enter into binding contracts for the town. The plaintiff points out that there are no state statutes which grant the mayor the power to enter into town contracts without the council's approval. The plaintiff argues that the collective bargaining agreements are null and void because the mayor never had the legal authority to bind the town.
The plaintiff further objects to the defendant firefighters union's motion to dismiss. The plaintiff states that the Superior Court has jurisdiction to decide the validity of town collective bargaining agreements through the declaratory judgment act. The plaintiff also states that because issues involving the town charter are present, subject matter jurisdiction is most appropriate in the Superior Court rather than the State Labor Relations Board. Finally, plaintiff argues that the parties have agreed to terms of employment pending resolution of the instant matter so the State Labor Relations Board does not have jurisdiction.
Defendant, International Brotherhood of Police Officers Union, Local 312, objects to the plaintiff's motion for summary judgment and files a cross motion for summary judgment. The police officers' union argues that the mayor had legal authority to bind the town to the collective bargaining agreement. The police officers union points to a ground rules agreement executed prior to bargaining which gave the mayor the power to approve the agreement. The police officers union states that in the context of a public safety employee, the mayor may bind the town to an agreement as state law gives special designation to police and firefighters. The police officers union argues that under the rules of estoppel, the town is estopped from denying the validity of the agreement. Also under the doctrine of laches, the town cannot prevail because of its delay in bringing the action.
 ANALYSIS
The Home Rule Charter of the Town of West Warwick specifies that "the mayor shall negotiate contracts on behalf of the town subject to the approval of the town council, except as otherwise provided by this charter or state law." Under such a provision "the city council is endowed with the legislative power to ratify collective bargaining agreements in order to manage the budgetary affairs of the city." Providence City Council v. Cianci, 650 A.2d 449, 502 (R.I. 1994). The Supreme Court emphasized "that it would be ludicrous for the union membership to have the right to ratify labor contracts while the same right is denied to the city council." Id. State statutes concerned with bargaining and the effect of expired agreements are not applicable to "any issue concerning ratification of municipal contracts." Id. A collective bargaining agreement "is not finalized and binding until the ratification process, when required by ordinance, is complete . . ." and if the council has failed to ratify the agreement, it is invalid and unenforceable. Providence CityCouncil v. Cianci, 650 A.2d 499, 502-503 (R.I. 1994).
In the instant case, the reasoning of Providence City Councilv. Cianci, clearly mandates that the Town Council of West Warwick must approve collective bargaining agreements in order for the agreements to be enforceable. The town council did not approve the tentative agreement for the police, firefighters, and municipal employees, unions. The town council reiterated its rejection of the collective bargaining agreements by enacting resolutions. The town council implemented certain pay provisions to maintain town services but at all times kept the position that the agreements as a whole were invalid. Each of the collective bargaining agreements were explicitly rejected by the town council and the subsequent action of the parties in maintaining town services does not imply acceptance of the tentative agreements.
Under the Home Rule Charter, the mayor may not unilaterally bind the town to a collective bargaining agreement without town council approval. Similarly, the mayor may not adopt a ground rules agreement which imparts the power to bind the town. TheCianci case clearly establishes that the state law provisions cited by the defendants have no bearing on the ratification of agreements. The town council publicly rejected the agreements by resolution on at least two occasions. Therefore, the town did not mislead the unions by being silent. See Loiselle v. City of EastProvidence, 116 R.I. 585, 359 A.2d 345, 349 (1976).
The doctrine of laches does not bar the plaintiff's action. The doctrine of laches is generally disfavored in actions concerning public interests. O'Reilly v. Town of Glocester,621 A.2d 697, 703 (R.I. 1993). Moreover, the town council acted promptly and without negligent delay when it filed this action shortly after the firefighters union requested arbitration for the wage re-opener provision of an agreement which the town council believed was invalid.
Summary judgment is appropriate when no genuine issues of material fact exist. Hydro Manufacturing v. Keyser-Roth Corp.,640 A.2d 950, 954 (R.I. 1994). No material issues of fact exist in the instance case as the parties have jointly stipulated to material facts. Because the Town of West Warwick's Home Rule Charter clearly provides for town council approval for collective bargaining agreements and there are no state statutes which supersede this power, this Court grants the plaintiff's motion for summary judgment. The defendant's cross motion for summary judgment is denied.
Under this Court's authority to issue injunctive relief, it is ordered that the parties engage in good faith bargaining.Warwick School Committee v. Teachers Union, 613 A.2d 1273, 1275-1276 (R.I. 1992). To ensure good faith bargaining, the status quo on pay and benefits for the employees is to remain in effect throughout the duration of the negotiations. All provisions which the parties have abided by remain in effect.