RHODE ISLAND LABORERS'
DISTRICT COUNCIL et
al.

v.

CITY OF PROVIDENCE et al.

City of Providence et al.

v.

Rhode Island Laborers' District
Council et al.

Nos. 99–411–Appeal, 99–423–Appeal
and 2000–54–Appeal.

Supreme Court of Rhode Island.

May 8, 2002.

Donald S. Iannazzi, Providence, for Plaintiff.

Richard G. Riendeau, Providence, for Defendant.

Present: WILLIAMS, C.J.,
LEDERBERG, BOURCIER,
FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on March 11, 2002, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. Having reviewed the record, the memoranda of the parties and after hearing arguments of counsel, we are of the opinion that cause has not been shown. Therefore, we proceed to decide this appeal at this time.

### Facts and Travel

The Rhode Island Laborers' District Council, on behalf of "Public Service Employees" Local 1033 of the Laborers' International Union of North America, AFL–CIO, (union or Local 1033), negotiated a collective bargaining agreement (the CBA) with the City of Providence (the city) that was ratified by the city council (council) and was effective from July 1, 1996, until June 30, 1999. In the fall of 1997, the union took the position that eighty-five employees were excluded from the CBA and were, as a result, deprived of the benefits provided by the CBA. The union maintained that these employees fell within the definition of "municipal employees" contained in the CBA and should be included in Local 1033. After several meetings, an agreement (the agreement) was reached between the union and the executive assistant to the mayor that recognized twenty-seven of the disputed eighty-five employees as members of the union. The agreement subsequently was submitted to the council for ratification. However, instead of voting the agreement up or down, the council referred it to its finance committee, and the agreement was not implemented. The union, acting under the belief that this was a grievance resolution that was not implemented within thirty days after it was signed by the parties, proceeded to arbitration pursuant to the terms of the CBA. Before the arbitrator, the city maintained that the agreement inappropriately included supervisory employees; was an amendment to the CBA that was not binding on the parties in the absence of council ratification; and finally, that the issue was not arbitrable. The union contended that the agreement reached with the mayor's executive assistant was not an amendment to the terms of the CBA, but rather was an interpretation of the existing contract. The question of arbitrability was also submitted to the arbitrator.

In April 1999, the arbitrator issued a decision in favor of the union and concluded that the agreement between the union and the executive assistant was not an amendment to the CBA, but was simply a resolution of a disputed provision of the CBA. Specifically, the arbitrator concluded that if the agreement had been "negotiated to add (or subtract) key elements to/from the CBA—and especially if these were major changes effecting [sic] the [c]ity's finances and the [c]ouncil's responsibilities therein," the ordinance mandating council ratification "would certainly prevail." Further, the arbitrator found that the CBA provides for the resolution of disputes by agreement and, after proceeding to step three in the grievance process, the parties had reached an accommodation that was embodied in this agreement. The arbitrator concluded that the agreement was merely a resolution of a disputed contract provision as provided by the terms of the CBA and further, that the city violated the CBA by failing to implement the agreement. In July 1999, the city petitioned the Superior Court seeking to vacate the arbitrator's award and the union sought to confirm the award. The hearing justice confirmed the award and found that

none of the statutory grounds for vacating an arbitrator's award was present in this case.

On appeal, the city claims that only municipal employees and not supervisory employees are eligible for inclusion in the CBA and that the employees at issue in this controversy are supervisory employees specifically excluded from the collective bargaining process. Further, the city challenges the award on the ground that the arbitrator failed to address this issue in his decision and finally, that the issue was not arbitrable because the agreement was an amendment to the CBA requiring council ratification. Consistent with its earlier position, Local 1033 maintains that the agreement in question amounted to a resolution of a grievance between the city and the union concerning the definition of municipal employee.

 The law is well settled that, absent a manifest disregard of a contractual provision or a completely irrational result, the award of an arbitrator will be upheld. *Providence Teachers Union v. Providence School Board,* 725 A.2d 282, 283 (R.I.1999) (citing *Rhode Island Brotherhood of Correctional Officers v. State Department of Corrections,* 707 A.2d 1229, 1234 (R.I. 1998)). However, "the issue of whether a dispute is arbitrable concerns a question of law and is subject to a broader standard of review than is the arbitrator's decision on the merits." *State Department of Mental Health, Retardation, and Hospitals v. Rhode Island Council 94 A.F.S.C.M.E., AFL–CIO,* 692 A.2d 318, 323 (R.I.1997) (quoting *Providence Teachers' Union Local 958—American Federation of Teachers v. Providence School Committee,* 433 A.2d 202, 205 (R.I.1981)). "Notwithstanding

this deferential standard of review, a court may vacate an arbitration award that manifestly disregards a contractual provision or yields an irrational result. * * * [Also,] awards purportedly resolving non-arbitrable issues must be set aside." *Rhode Island Council 94 A.F.S.C.M.E., AFL–CIO v. State,* 714 A.2d 584, 588 (R.I. 1998).

 Section 17–27 of the Providence Code of Ordinances mandates that all collective bargaining agreements between the city and any labor organization be ratified before they become effective.[1] Additionally, in *Providence City Council v. Cianci,* 650 A.2d 499, 502 (R.I.1994), this Court rejected the defendant's assertion that the city council is obligated to finance a collective-bargaining agreement entered into by the mayor. We held that "[a] contract is not finalized and binding until the ratification process, when required by ordinance, is complete * * *." *Id.* Obviously, if the original agreement is subject to council ratification then any subsequent amendment to the terms of the CBA also must be ratified by the council. Accordingly, the question of whether the agreement in this case was subject to ratification is dependent upon whether it amended the CBA or was merely a grievance resolution that was memorialized by the parties. Based on our review of the record, including the positions held by the twenty-seven employees who were the subject of the agreement, we are satisfied that the agreement was an amendment to the CBA that required ratification by the council. Each classification of employee identified in the agreement applied to a single named individual without regard to his or her duties and responsibilities. Included in the

---

1. Section 17–27, *Ratification of Collective Bargaining Agreements* of the Providence Code of Ordinances, provides: "(a) No collective bargaining agreement between the City of

Providence and any labor organization shall become effective unless and until ratified by the Providence city council."

agreement were positions with job titles of director, administrator, manager, supervisor, and assistant manager. We are of the opinion that the inclusion of these twenty-seven employees in the collective bargaining unit amounts to a significant and substantive amendment to the existing CBA that requires ratification by the council before it is enforceable. Thus, we are satisfied that the grievance was not arbitrable.

■ Furthermore, we question whether the parties lawfully may agree to include these employees in the union. It is well settled in this jurisdiction that supervisory employees are prohibited from engaging in collective bargaining as a matter of law. The General Assembly specifically has excluded supervisory and managerial positions in the definition of municipal employee found in G.L.1956 chapter 9.4 of title 28, the Municipal Employees' Arbitration Act. Specifically, § 28–9.4–2(b) of that act defines a municipal employee as "any employee of a municipal employer, whether or not in the classified service of the municipal employer, except: * * * (4) Confidential and *supervisory* employees * * *." (Emphasis added.) Additionally, this Court has held that both managerial and supervisory positions are excluded from the collective bargaining process and that this is not a proper subject for negotiation by the parties. *Macera v. Cerra*, 789 A.2d 890, 895 (R.I.2002); (citing *State v. Local No. 2883, A.F.S.C.M.E.*, 463 A.2d 186, 191 (R.I.1983)). We have adopted the federal definition of supervisory employee that includes any individual with the responsibility to direct or discipline other employees and whose authority "is not of a merely routine or clerical nature, but requires the use of independent judgment." *Local No. 2883, A.F.S.C.M.E.*, 463 A.2d at 189–90 n. 4 (quoting 29 U.S.C.A. § 152(11)). The parties are not free to negotiate, under the guise of contract negotiations or a grievance resolution, the inclusion of management and supervisory employees in the bargaining unit. However, for those positions that the union believes ought to lawfully be included in the bargaining unit, proper recourse is available to the parties.

■ This Court has recognized the process of accretion into an existing collective bargaining unit for newly created positions and for existing employees who are promoted into new or different positions in the absence of a unit election. *Rhode Island Public Telecommunications Authority v. Rhode Island State Labor Relations Board*, 650 A.2d 479, 486 (R.I.1994); *see Local 400, International Federation of Technical and Professional Engineers v. Rhode Island State Labor Relations Board*, 747 A.2d 1002, 1003 (R.I.2000). The labor unions of this state are free to petition the State Labor Relations Board for a unit classification seeking to accrete an already existing or newly created position into the bargaining unit. This process is not without limitation, however; the most significant restriction is, again, the prohibition against the inclusion of supervisory and managerial employees into the collective bargaining unit. Thus "only employees who have substantial mutual interests in wages, hours, and other conditions of employment" qualify for membership in units for collective bargaining purposes. *Rhode Island Public Telecommunications Authority*, 650 A.2d at 486 (quoting *Fifteenth Annual Report of the NLRB*, 39 (1950)).

Accordingly, for the reasons set forth herein, we sustain the appeal of the city and vacate the award of the arbitrator. The papers in this case are remanded to the Superior Court.