[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is an appeal of a decision by the Rhode Island State Labor Relations Board (Board), rejecting the petition of the City of Pawtucket (City) to prevent the accretion of a computer specialist position to the collective bargaining unit. Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 FACTS AND TRAVEL
On January 17, 2002, Rhode Island Council 94, AFSCME, AFL-CIO (Union) filed a Request for Clarification (Petition) with the Board regarding the position of Police Computer Operations Specialist (computer specialist or specialist position). The Union sought to add or accrete the computer specialist position into the bargaining unit defined in case EE-3541. On March 4, 2002, the Board's Administrator conducted an informal hearing with representatives of the Union and the City present. The City objected to the inclusion of the computer specialist in the bargaining unit on the grounds that the position was either supervisory or managerial and that certain aspects of the job made it confidential in nature.
The Board's agent subsequently conducted an investigation on the matter and submitted his report on June 5, 2002. On July 17, 2002, the City responded to the investigator's report, objecting to the position's inclusion in the bargaining unit for the previously stated reasons. On August 13, 2002, upon reviewing the investigator's report and the response of the City, the Board made a preliminary determination that the position could be accreted to the bargaining unit. On October 29, 2002 a formal hearing was held by the Board regarding the matter. During the hearing, representatives from the Union and City were given a chance to submit appropriate evidence in addition to examining and cross examining witnesses.
Much of the case presented to the Board centered on the testimony that dealt with the description and duties of the position in question. The computer specialist position, currently assigned to the City's Police Department, is occupied by Edward Warzycha (Warzycha), who has held the position since retiring from his position as a police officer. (Tr. at 56-57). Warzycha testified at length before the Board as to the duties of his position. Warzycha has complete control over and responsibility for the City's police computer operations. (Tr. at 68). According to his testimony, Warzycha implemented policies and procedures regarding usage of the computer network on behalf of the Police Department. It is his responsibility to make sure individuals using the computer system follow these policies and procedures. (Tr. at 70-71). Warzycha also has the authority to recommend the hire, transfer, and assignment of discipline of employees in his department.
Warzycha has access to all the data within the Police Department's computer system including narcotics investigations, sexual assaults, police reports, building access control, and video monitoring. (Tr. at 62-63). The record is unclear about whether other employees have similar access or not. As his testimony states, Warzycha's duties include participation in investigations of both civilian criminals and city employees, including police officers. (Tr. at 78-79). Warzycha has previously been involved in investigations of employees of the bargaining unit into which the Union wishes to add the computer specialist. (Tr. at 79).
Warzycha testified that he made the recommendation that a college intern be hired to work in this office. (Tr. at 73). Subsequently, his recommendation was followed. Upon cross examination, Warzycha acknowledged that he was unhappy with the college intern working in his office, but lacked the authority to terminate the internship. (Tr. at 73-74).
In addition to Warzycha, the Union presented the testimony of Angel Garcia (Garcia), Personnel Director for the City of Pawtucket. Garcia is responsible for creating job descriptions for the City's employees, including one for the computer specialist position. According to Garcia's testimony, Warzycha performed essentially the same duties while employed by the police department that he currently performs. Garcia confirmed that the City never attempted to remove Warzycha's position from the bargaining unit for supervisory or confidentiality reasons. (Tr. at 51-52). Warzycha currently has no employees working for or with him. (Tr. at 25).
On October 21, 2003 the Board issued its decision that the position of computer specialist should, in fact, be added into the bargaining unit. Based on the facts and testimony they found no sufficient evidence that Warzycha's position was supervisory, confidential, or managerial in nature. The Board concluded that "[t]he position of Police Computer Operations Specialist held by Edward Warzycha shares a community of interest within the bargaining unit organized under EE-3541. The position of Police Computer Operations Specialist held by Edward Warzycha is neither supervisory, nor confidential, nor managerial." (Bd. Decision at 11). The Board, therefore, ordered the accretion of the computer specialist position to the bargaining unit. (Bd. Decision at 11). Thereafter, the City appealed the Board's decision to this Court. Decision is herein rendered.
 STANDARD OF REVIEW
The Superior Court's review of an appeal of an agency decision is governed by G.L. 1956 § 42-35-15(g), which provides:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error or [sic] law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted use of discretion."
This Court is not permitted to substitute its judgment for that of the agency with regard to the credibility of witnesses or the weight of the evidence about questions of fact. Ctr. For Behavioral Health v. Barros, 710 A.2d 680,684 (R.I. 1998), Mine Safety Appliances Co. v. Berry,620 A.2d 1255, 1259 (R.I. 1993). "The Superior Court is confined to a determination of whether there is any legally competent evidence to support the agency's decision." Envt'l Scientific Corp. v. Durfee, 621 A.2d 200,208 (R.I. 1993). If the decision below was based on sufficient competent evidence in the record, the reviewing court is obliged to affirm the agency's decision. Johnston Ambulatory Assocs., Ltd. v. Nolan,755 A.2d 799, 805 (R.I. 2000). An agency's decision may be reversed when "the conclusions and the findings of fact are `totally devoid of competent evidentiary support in the record' or from the reasonable inferences that might be drawn from such evidence." Bunch v. Bd. ofReview, R.I. Dep't of Employment Training, 690 A.2d 335,337 (R.I. 1997) (quoting Milardo v. Coastal Res. Mgmt.Council, 434 A.2d 266, 272 (R.I. 1981)).
 ACCRETION OF THE SPECIALIST POSITION
The Appellant argues that Warzycha's actual duties and responsibilities include managerial duties, supervisory responsibilities, and access to significant confidential information so as to bring the computer specialist position within the gamut of the statutory provision under G.L. 1956 § 28-9.4-2(b).[1] The Appellant argues that the Board's decision was clearly erroneous in light of the reliable, probative, and substantial evidence presented, such that said evidence could not justify the Board's decision.
The Appellee argues that the computer specialist position is not managerial, supervisory, or confidential in nature and, as such, may be accreted to the collective bargaining agreement. Appellee also contends that Appellant has failed to establish that substantial rights were prejudiced or that the Board's decision was made upon unlawful procedure or affected by error of law. As such, Appellee argues that competent evidence exists, which requires the court to uphold the Board's decision.
Our Supreme Court "has recognized the process of accretion into an existing collective bargaining unit for newly created positions and for existing employees who are promoted into new or different positions in the absence of a unit election." Rhode Island Laborers'Dist. Council v. City of Providence, 796 A.2d 443, 446
(R.I. 2002) (citing Rhode Island Pub. Telecomm. Auth.v. Rhode Island State Labor Relations Bd., 650 A.2d 479,486 (R.I. 1994)). The labor unions of this state are free to petition the State Labor Relations Board for a unit classification seeking to accrete an already existing or newly created position into the bargaining unit." Id. "This process is not without limitations, however; the most significant restriction is, again, the prohibition against the inclusion of supervisory and managerial employees into the collective bargaining unit." Id. Our Supreme Court concluded that "`only employees who have substantial mutual interests in wages, hours, and other conditions of employment' qualify for membership in units for collective bargaining purposes." Id. (quoting Rhode Island Pub.Telecomm. Auth. v. Rhode Island State Labor RelationsBd., 650 A.2d 479, 486 (R.I. 1994)). It is, therefore, permissible for the Union in the case at bar to seek accretion of the computer specialist position to the collective bargaining agreement.
 Confidential Employee
The labor nexus test is often cited to determine whether certain occupations are confidential and thus may not become part of a collective bargaining agreement. The labor nexus test was utilized by our Supreme Court in Barrington Sch. Comm. v. Rhode IslandState Labor Relations Bd., borrowing it from the United States Supreme Court that embraced it. 608 A.2d 1126, 1136
(R.I. 1992) (citing NLRB v. Hendricks County RuralElec. Membership Corp., 454 U.S. 170 (1981)). Under the labor nexus test, two categories of employees are recognized as confidential, thereby excluding them from collective bargaining. Id. "The first category comprises `those confidential employees "who assist and act in a confidential capacity to persons who formulate, determine, and effectuate management policies in the field of labor relations.'"" Id. (quoting NLRB v.Hendricks County Rural Elec. Membership Corp., 454 U.S. 170,173 (1981) and B.F. Goodrich Co., 115 N.L.R.B. 722, 724 (1956)). "The second category consists of those employees who, in the course of their duties, "`regularly have access to confidential information concerning anticipated changes which may result from collective bargaining negotiations.'"" Id. (quoting NLRBv. Hendricks County Rural Elec. Membership Corp.,454 U.S. 170, 173 (1981) and Pullman Standard Div. ofPullman, Inc., 214 N.L.R.B. 762, 762-63 (1974)).
As to the second category, "[c]asual access to labor-related information is not enough to disqualify an employee from belonging to a bargaining unit."Barrington Sch. Comm., 608 A.2d at 1137. "The employee at issue must have regular and considerable access to such confidential information as a result of his or her job duties." Id. Our Supreme Court elaborated, stating that "employees who assist persons who merely serve as consultants or advisors in the field of labor relations do not fall within the scope of the test." Id. (citingHolly Sugar Corp., 193 N.L.R.B. 1024 (1971)).
It is noteworthy that in Barrington Sch. Comm., our Supreme Court adopted the labor nexus test in order to determine whether a person was a confidential employee, yet simultaneously the Court left open the possibility that "[i]t may be that a broader definition of those employees considered to be `confidential' would be desirable in other circumstances." Id. Yet, in 2002, our Supreme Court reaffirmed the labor nexus test as the controlling precedent to determine whether an employee was confidential or not. Bd. of Trs., Robert H. ChamplinMem'l Library v. Rhode Island State Labor RelationsBd., 694 A.2d 1185, 1190-91 (R.I. 1997) (citingBarrington Sch. Comm., 608 A.2d at 1136). Accordingly, the labor nexus test is the controlling test to be applied unless specific circumstances or details of the case dictate otherwise.
In the case at bar, Warzycha testified that his office handled and had access to all data within the police department, including narcotics investigations, sexual assaults, police reports, building access control, and video monitoring. (Tr. at 63). There is no evidence in the record that Warzycha assists a "person who formulates, determines, and effectuates management policies in the field of labor relations." See BarringtonSch. Comm., 608 A.2d at 1136. Therefore, Warzycha does not fall into the first category of confidential employees. As to the second category, it must be determined whether Warzycha had "access to confidential information concerning anticipated changes which may result from collective bargaining negotiations." Id.
(quoting NLRB v. Hendricks County Rural Elec. MembershipCorp., 454 U.S. 170, 173 (1981)). Warzycha himself testified that he has nothing to do with labor relations matters. (Tr. at 102-03). Nor was there evidence presented that Warzycha had regular access to confidential information in the normal course of his duties.
The City argues in favor of expanding the definition of confidential employee to include persons with access to "sensitive details of management decision making." (City's Memorandum at 10). The City relies on our Supreme Court's holding it was possible "that a broader definition of those employees considered `confidential' would be desirable in other circumstances." BarringtonSch. Comm., 608 A.2d at 1137; (City's Memorandum at 11). The City further notes NLRB v. Hendricks CountyRural Elec. Membership Corp., wherein Justice Powell seeks to expand the definition of confidential employees to include those "who are privy to the most sensitive details of management decisionmaking, [and] who work closely with managers on a personal and daily basis. . . ." 454 U.S. 170, 194 (1981) (Powell, J., concurring in part and dissenting in part); see also (City's Memorandum at 12). Such employees include "confidential secretaries" who, though "rank and file" employees, are privy to confidential and sensitive managerial information. Id. Justice Powell opines that such secretaries should be excluded just as any other employee privy to such information would be; in that case Powell used "expediters," "assistant buyers," and "employment interviewers." Id.
The definition of confidential employees would not need to be expanded to include Warzycha, who has mereaccess to confidential or sensitive information. "Casual access to laborrelated information is not enough to disqualify an employee from belonging to a bargaining unit." Barrington Sch. Comm., 608 A.2d at 1137. Our Supreme Court has stated that "the mere typing of or handling of confidential labor relations material does not, without more, imply confidential status." Id.
(citing United States Postal Serv., 232 N.L.R.B. 556 (1978)). The allegedly confidential employee "must be `in a confidential work relationship with a specifically identifiable managerial employee responsible for labor policy.'" Id. (quoting NLRB v. Lorimar Products, Inc.,771 F.2d 1294, 1298 (9th Cir. 1985)). The Board did not have before it probative evidence that Warzycha was in a confidential work relationship with any such managerial employee who was responsible for labor policy. Furthermore, Warzycha testified that he had nothing to do with labor relations or contract negotiations. (Tr. at 102-03). If Warzycha simply has access to, or may stumble upon, said confidential information, such access is not sufficient to rise to the level of confidentiality status for the position. See Bd. ofTrs., Robert H. Champlin Mem'l Library, 694 A.2d at 1191
(rejecting employee should be confidential based on chance she could be exposed to confidential information in future); Barrington Sch. Comm., 608 A.2d at 1137
(stating "[c]asual access to labor-related information is not enough" to consider employee confidential). "The scope of the exclusionary rule does not extend to employees who have such access on an occasional,
substitute, or overflow basis." Barrington Sch. Comm.,608 A.2d at 1137. (Emphasis added.)
The Board found that Warzycha was not a confidential employee because he played "no role in labor relations and [did] not act in a confidential capacity to any person that does have labor relations duties." (Bd. Decision at 11). Warzycha testified that his office handles and has access to all data within the police department, including narcotics investigations, sexual assaults, police reports, building access control, and video monitoring. (Tr. at 63). Warzycha also testified that he assists in police investigations of civilian criminals, potential suspects, and city employees, including police officers and bargaining unit employees, including the proposed bargaining unit for the subject position. (Tr. at 78-79). Warzycha stated that though he did have access to the Personnel Director's computer files, such access was not ongoing and was limited to the specific purposes of the investigation. (Tr. at 104). Though Warzycha had access on an isolated occasion to the Personnel Director's computer, any involvement in investigations of persons as described above does not entail confidential or sensitive labor policy information. Even if said involvement did relate to confidential labor policy information, the City failed to present either the Board or this Court with any such evidence. In addition, the record does not reflect that Warzycha worked in a close relationship with a managerial person responsible for labor policy. Accordingly, in the exercise of his duties as computer specialist, this Court finds that the Board's determination that Warzycha was not a confidential employee is supported by the reliable, probative, and substantial evidence of record.
 Managerial or Supervisory Employee
Our Supreme Court has consistently looked to federal law for guidance when defining labor terms in order to determine whether a position may be accreted to the collective bargaining agreement. Our Supreme Court has held that 29 U.S.C. § 152(11) provides the proper definition to use when defining a supervisor. Bd. ofTrs., Robert H. Champlin Mem'l Library, 694 A.2d at 1189. Said statute provides that:
 "any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibility to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment." 29 U.S.C. § 152
(11) (2005).
Our Supreme Court has "adopted the federal definition of supervisor as `any individual having authority, in the interest of the employer, to hire . . . suspend . . . discharge . . . or discipline other employees, or responsibility to direct them, . . . if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.'" Macera v. Cerra, 789 A.2d 890
(R.I. 2002) (quoting State v. Local No. 2883, AFSCME,463 A.2d 186, 189-90 n. 4 (R.I. 1983)). Additionally, our Supreme Court considers an employee supervisory when that person has "the responsibility to direct or discipline other employees. . . ." Rhode IslandLaborers' Dist. Council v. City of Providence, 796 A.2d 443,446 (R.I. 2002) (citing State v. Local No. 2883,AFSCME, 463 A.2d 186, 189-90 n. 4 (R.I. 1983)).
Indeed, the Supreme Court has held that "managers and supervisors are those who carry out and often help formulate the employer's policies." Bd. of Trs., RobertH. Champlin Mem'l Library, 694 A.2d at 1189 (quotingState v. Local No. 2883, AFSCME, 463 A.2d 186, 189
(R.I. 1983)). "[A]ny exercise of supervisory authority . . . of a `merely routine or clerical nature'" does not qualify as "the type of supervisory control contemplated by 29 U.S.C. § 152(11)." Id. at 1190. "[T]he inclusion of managerial employees in bargaining units would create a conflict of interest." State v. Local No. 2883,AFSCME, 463 A.2d 186, 190 (R.I. 1983). Such "employees `formulate and effectuate management policies by expressing and making operative the decision of their employer' and they must `exercise discretion within, or even independently of, established employer policy,' [and] they must be `aligned with management.'" Id.
(quoting NLRB v. Yeshiva Univ., 444 U.S. 672, 682-83
(1980)).
In the case at bar, the Board found that Warzycha made "technical and software recommendations on software and equipment . . . to his superiors," recommendations which he then implemented "once they [had] been approved." (Bd. Decision at 11). Warzycha testified that he had nothing to do with contract negotiations or labor relations. (Tr. at 102-03). Additionally, "there was no evidence in the record to support a finding that Mr. Warzycha had any authority to transfer, layoff, suspend, recall, promote, discharge, reward, or discipline other employees." (Bd. Decision at 7). Indeed Warzycha did not even have the authority to terminate an unwanted college intern. (Tr. at 73-74). Warzycha, through his own testimony, admitted that while he had at one time supervised dispatchers in his capacity as a police officer, he no longer did so as a computer specialist. (Tr. at 57). During a probationary period for new dispatchers, Warzycha performed weekly evaluations and made recommendations to the Personnel Director. (Tr. at 36).
In evaluating whether the specialist position was managerial, this Court notes that Warzycha possesses extensive technical expertise from his many years with the Police Department's computer systems. See (Tr. at 56-57). The Board recognized that technological control "should not be confused with `exercising discretion within or even independently of established employer policy.'" (Bd. Decision at 9). The record also reflects that occasionally Warzycha's duties may involve investigations of fellow employees, some of who may be part of the collective bargaining agreement. See (Tr. at 78-79). However, the record demonstrates that there was "no evidence that Mr. Warzycha's decision-making extend[ed] beyond the routine discharge of his professional/technical duties. . . ." (Bd. Decision at 9). Warzycha makes technical and professional recommendations on software and equipment, as well as recommendations to his superiors for policies pertaining to computer usage. (Tr. at 69-71). Warzycha himself testified that he assists in police investigations of civilian criminals, potential suspects, and city employees, including police officers and bargaining unit employees. (Tr. at 78-79).
The Board found that Warzycha's duties were not managerial or supervisory. This Court finds that the record supports the Board in finding that the computer specialist does not constitute a managerial or supervisory position. This Court cannot substitute its judgment for that of the Board's, but rather is confined to determining whether legally competent evidence supports the agency's decision. Johnston AmbulatoryAssocs., Ltd. v. Nolan, 755 A.2d 799, 805 (R.I. 2000);Envt'l Scientific Corp. v. Durfee, 621 A.2d 200, 208
(R.I. 1993). This Court finds reliable, probative, and substantial evidence as discussed above to support the Board's decision, and as such, finds no violation of G.L. 1956 § 42-35-15(g) in the Board's decision. Therefore, said position may be accreted to the collective bargaining agreement.
 CONCLUSION
Based on the foregoing reasons, this Court finds that the Board's determination that the Computer Operations Specialist position held by Mr. Warzycha is not supervisory, managerial, or confidential in nature under the labor nexus test is supported by reliable, probative, and substantial evidence. The Board's decision did not violate G.L. 1956 § 42-35-15(g) because the Board's decision was not in violation of constitutional or statutory provisions, not affected by error of law, and not arbitrary or capricious or characterized by abuse of discretion. Substantial rights of the Appellant have not been prejudiced. Accordingly, the Board's decision is hereby affirmed. The Computer Operations Specialist position may indeed be accreted to the collective bargaining unit.
Counsel shall submit an appropriate order for judgment.
[1] Confidential and supervisory employees are exempted from municipal employee status by G.L. § 28-9.4-2(b).