## MARGARET RYDER *vs.* JAMES BRENNAN.

### JANUARY 10, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)   *Jurisdiction of Superior Court.   Damages laid in writ.*

Under the provisions of the statutes as at present enacted, the debt or damages laid in the writ is the test of the jurisdiction of the Superior Court, instead of the value of the matter in controversy.

ASSUMPSIT.   Heard on exceptions of plaintiff, and sustained.

PER CURIAM.   The statute now in force defining the jurisdiction of the Superior Court in civil actions, C. P. A., § 10, provides that the court "shall also have exclusive original jurisdiction of all other actions at law in which the debt or damages laid in the writ shall exceed the sum of five hundred dollars: *Provided,* that the plaintiff shall not recover costs unless he shall recover in such action not less than five hundred dollars," &c.

In the present action the damages laid in the writ are six hundred dollars, so that under the words of the statute the Superior Court had jurisdiction of it.   The circumstance, urged by the defendant, that the claim set out in the declaration is of the value of four hundred dollars only, does not oust the jurisdiction of the court, but invokes the penalty of the last clause above quoted, which was evidently enacted to meet such a case.

The policy of the law which was declared by the Revised Statutes of 1857, cap. 165, § 2, with respect to the Court of Common Pleas, and which was construed in *Edwards* v. *Hopkins*, 5 R. I. 138, decided in 1858, was changed by the judiciary act of 1893, Gen. Laws cap. 223, § 4, defining the jurisdiction of the Common Pleas Division of the Supreme Court, by making the debt or damages laid in the writ the test of jurisdiction instead of the value of the matter in controversy as theretofore.   The court and practice act follows the judiciary act in this respect.

We find, therefore, that the Superior Court erred in dismissing the action for want of jurisdiction.

Plaintiff's exceptions sustained, and cause remitted to the Superior Court for a new trial.

*Peter C. Cannon,* for plaintiff.

*Bassett & Raymond,* for defendant.

*Russell W. Richmond,* of counsel.