**Norma H. COLE**

v.

**Robert E. CHARRON et al.**

**No. 82–148–Appeal.**

Supreme Court of Rhode Island.

July 11, 1984.

---

Ronald J. Resmini, Providence, for plaintiff.

Netti C. Vogel, Providence, for defendants.

## OPINION

KELLEHER, Justice.

Most Rhode Islanders remember February 6, 1978, as the day when the Great Blizzard roared through the state, leaving behind snow that was as high as an elephant's eye and many memories. This litigation will engender some of those memories, for it relates to a three-vehicle collision that occurred on February 6, 1978, on Interstate 95.

Norma Cole (Norma) left work early that memorable day in an attempt to arrive home safely before the gathering storm and rush-hour traffic would make attaining that goal impossible. Unfortunately for Norma, she never made it home that day because her car was twice struck by vehicles she encountered along the highway. The first collision occurred while Norma was proceeding southward along Interstate Route 95 through the city of Pawtucket. Her vehicle was struck by a tractor-trailer rig that was owned by Greylawn Poultry Co. (Greylawn) of Cranston and being operated by Robert E. Charron (Charron). The force of the collision forced Norma's vehicle up against the concrete abutment that separated northbound traffic from vehicles heading south. Within a matter of minutes, insult was heaped upon injury when a dark "red or maroon" automobile struck Norma's motionless car in the rear and, in her words, "pulled out and left" the scene. A police car came by and transported Norma to a nearby motel where she remained snowbound for the next four days.

Immediately following this two-collision incident, she began to experience back and shoulder pain. Norma first looked to her insurance carrier for any compensation that might be due her under the uninsured-motorist, hit-and-run-driver protection afforded by her liability policy.

Since the amount of compensation could not be determined to the mutual satisfaction of Norma and her insurance carrier, the matter was submitted to arbitration. Thereafter, the arbitrator ordered Norma's insurer to pay her $4,750. She immediately petitioned the Superior Court to confirm the award under G.L.1956 (1969 Reenactment) § 10-3-11, and this petition was granted.

Having achieved satisfaction for the injuries attributable to the hit-and-run driver, Norma next sought damages from Greylawn and its driver, Charron, when she instituted a Superior Court civil action in which she sought $12,000.

The defendants moved to dismiss her Superior Court suit. The motion to dismiss was based upon the theory that as a result of the arbitrator's award, Norma was collaterally estopped from proceeding with the litigation; and since her damages were ascertained by the arbitrator to be $4,750, the Superior Court lacked subject-matter jurisdiction because the amount in controversy did not exceed $5,000. This jurisdictional argument is based upon the pertinent provisions of G.L.1956 (1969 Reenactment) § 8-2-14, as amended by P.L.1981, ch. 215, § 1, which confer upon the Superior and District Courts concurrent jurisdiction to consider controversies in which the amount sought exceeds $5,000 but does not exceed $10,000. The trial justice was persuaded by the arguments presented by the defense and dismissed Norma's suit because, in the trial justice's opinion, the court lacked subject-matter jurisdiction.

The defense, in pressing its motion, alluded to portions of Norma's deposition taken in November 1981 in which she was asked about the hearing before the arbitrator. The inquiries and the responses would

indicate that the injuries, loss of income, and medical expenses for which she sought reimbursement from her insurer were identical to the items for which she was seeking damages from Greylawn and Charron in this litigation. Norma responded affirmatively when she was asked if she was dissatisfied with the arbitrator's award and if she hoped to get a higher award in the Superior Court.

We shall first consider the question of the Superior Court's subject-matter jurisdiction. Long ago this court ruled that the amount of money that confers jurisdiction upon a court to hear such a dispute is to be determined by the amount of the "debt or damages laid in the writ" rather than "the value of the matter in controversy." *Ryder v. Brennan*, 28 R.I. 538, 68 A. 477, 478 (1908). Recent cases in which it was said that the crucial factor in determining jurisdiction was the amount specified in the complaint have affirmed this principle. *Carvalho v. Coletta*, R.I., 457 A.2d 614, 616 (1983); *Berberian v. New England Telephone and Telegraph Co.*, 117 R.I. 629, 633–34, 369 A.2d 1109, 1112 (1977).

As we previously noted, in her complaint against Greylawn and Charron, Norma, in pursuing her Superior Court civil action, is seeking damages from Greylawn and Charron in the amount of $12,000. Section 8–2–14 gives to the Superior Court original and exclusive jurisdiction in all civil actions in which the amount in controversy exceeds $10,000.

■ Leaving, for the moment, the question of jurisdiction and returning to the question of collateral estoppel, we are reminded by *Providence Teachers Union v. McGovern*, 113 R.I. 169, 172, 319 A.2d 358, 361 (1974), that collateral estoppel makes conclusive in a subsequent action on a different claim the determination of particular issues actually litigated in a prior action as long as the issues are identical, the prior judgment was final, and the individual who is the subject of the estoppel was a party or in privity with a party in the prior action. In reviewing the correctness of the trial justice's dismissal, we need only consider whether the issue to be resolved by the jury was identical to the issue decided by the arbitrator.

■ The issue submitted to the arbitrator was the extent of the damages sustained by Norma when her vehicle was struck by the hit-and-run motorist. Since the extent of Greylawn and Charron's responsibility for the initial damages sustained by Norma was not and could not be determined by the arbitrator, Norma was not estopped from proceeding with her civil action. It may be that when the jury is made aware of the contents of Norma's deposition, she may not prevail. Again, she may be able to explain away those responses in such a way that a jury would be justified in returning a verdict for Norma. We cannot prophesy what would happen at trial, but we have no doubt that the trial justice erred in dismissing Norma's civil action on the basis of a lack of subject-matter jurisdiction.

The plaintiff's appeal is sustained, the judgment appealed from is vacated, and the case is remanded to the Superior Court for further proceedings.

WEISBERGER, J., did not participate.

SHEA, Justice, dissenting.

Ms. Cole's answers to interrogatories and her testimony during a deposition confirm that the injuries complained of in this action are the same injuries for which she received compensation from Allstate Insurance Company in the arbitrator's award. She also acknowledged that she was dissatisfied with the amount of that award because she felt her injuries and losses warranted a larger amount. She further admitted that she was looking for a second chance to prove her damages and was hopeful that this time she would obtain a higher award based on the same evidence presented to the arbitrator. The arbitrator was deposed also and stated that his award

to Ms. Cole was not reduced by any consideration of contributory negligence on her part or by negligence on the part of any other party. He said he awarded her the full amount of her damages.

In this case, Ms. Cole seeks to recover a second time for the same injuries and damages she suffered in the accident of February 6, 1978, that had been previously adjudicated by arbitration. She submitted to the arbitration voluntarily. The award she now asserts is inadequate had been confirmed by a Superior Court judgment for which she herself had made application under G.L.1956 (1969 Reenactment) § 10–3–11.

A second adjudication of this issue must be barred by the principle of collateral estoppel. All of the prerequisites for the application of collateral estoppel are present. There is identity of issues because the issue she seeks to litigate is the value of the damages she suffered in the accident of February 6, 1978. There was a final judgment on the merits after full arbitration, award, and confirmation by the Superior Court. The person against whom collateral estoppel is to be asserted is plaintiff, Ms. Cole, who was a party to the prior action.

Section 10–3–18 provides that a judgment confirming an arbitrator's award, when entered,

"shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action at law; and it may be enforced as if it has been rendered in an action at law in the court in which it is entered."

The doctrine of collateral estoppel also applies to judgments entered by affirmance of an arbitrator's award. *Providence Teachers Union v. McGovern*, 113 R.I. 169, 319 A.2d 358 (1974).

The plaintiff in this case could have brought suit against the present defendant, Greylawn Co., and could have joined the uninsured-motorist carrier, Allstate. She chose arbitration with Allstate only. Once the award was given, she could have sought to vacate it under § 10–3–12(d) or to modify it. Instead, she petitioned for a judgment confirming the award. She must be bound by that judgment.

The plaintiff here is in the same situation as a claimant who has coverage available under two uninsured-motorist policies. "[T]he insured may recover the full amount of each uninsured motorist coverage to which he or she is entitled as long as recovery does not exceed the insured's actual loss." *Employers' Fire Insurance Co. v. Baker*, 119 R.I. 734, 743, 383 A.2d 1005, 1009 (1978). She is also in a situation similar to that of a plaintiff injured by two insured defendants. It is a basic premise that a claimant has no right to recover more than his or her actual loss. The fact that two parties may have exposure for payment does not give the claimant a right to recover more than the actual loss. The acceptance of satisfaction of judgment against one of several obligors bars any action against the others for the same debt or obligation. *Washington Trust Co. v. Fatone*, 106 R.I. 168, 172, 256 A.2d 490, 493 (1969).

It is a fundamental doctrine that an injured person is entitled to only one satisfaction for a tort even though two or more parties contribute to the loss. *Augustine v. Langlais*, 121 R.I. 802, 805, 402 A.2d 1187, 1189 (1979). This plaintiff's damages were set at $4,750, and she has been paid that amount in full. She should not be allowed to maintain a second action for those damages.

The only issue that could still be litigated is Greylawn and Charron's proportionate share of responsibility for Ms. Cole's injuries. This would benefit Allstate only, who might be entitled to contribution from the joint tortfeasors. That action, however, would not benefit Ms. Cole in any way and

certainly could not increase the damages to which she would be entitled.

For these reasons I believe we should affirm the action of the trial court that granted the defendant's motion to dismiss.