## PROVIDENCE TEACHERS UNION

v.

## PROVIDENCE SCHOOL BOARD.

### No. 97–386–Appeal.

Supreme Court of Rhode Island.

Jan. 27, 1999.

Richard A. Skolnik, Providence, for plaintiff.

Michael E. Civittolo, Providence, for defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case arose from a dispute over the terms of a collective bargaining agreement (CBA) entered into between the defendant, Providence School Board (board), and the plaintiff, Providence Teachers Union (union). The board appeals from a Superior Court judgment confirming an arbitration award in favor of the union and denying its motion to vacate the award. Both parties were ordered to appear and show cause why the issues raised by this appeal should not be summarily decided. None having been shown, we proceed to determine the appeal at this time.

This case concerns three Providence School Department teachers with minor children who, prior to their retirement, had opted for family-plan comprehensive medical coverage. The teachers were notified, however, that upon reaching the age of sixty-five, the family-plan coverage no longer would be fully paid, and that they would have to select either another health-care coverage, or carry the family-plan coverage at their own expense. The retired teachers notified the union of this situation, and on January 20, 1995, the union filed a grievance on behalf of the retired teachers that the board was "in violation of [the CBA] in that the 'Student Rider

to Age 26' is not available to retirees who have attained the age of 65 and have eligible dependent children."

This matter proceeded to arbitration where both parties agreed that the issue of arbitrability would be bifurcated and decided prior to a hearing on the merits. On April 4, 1997, the arbitrator issued an award, which found "[t]he grievance with respect to former employees who have retired from the Providence School Department is arbitrable." Shortly thereafter, the union filed a petition in the Superior Court to confirm the award, and the board moved to vacate the award. On June 18, 1997, a Superior Court trial justice confirmed the award and denied the board's motion to vacate. The board filed a timely notice of appeal and we now vacate the arbitrator's award.

 It is well settled that generally " '[a]bsent a manifest disregard of a contractual provision or a completely irrational result, the [arbitration] award will be upheld.' " *Rhode Island Brotherhood of Correctional Officers v. State Department of Corrections,* 707 A.2d 1229, 1234 (R.I.1998). However, as we have previously stated:

> "the issue of whether a dispute is arbitrable concerns a question of law and is subject to a broader standard of review than is the arbitrator's decision on the merits. *** Courts should not equate the issue of arbitrability with the deference due the arbitrator's interpretation of the contract. *** Rather, a reviewing court must decide the question of arbitrability de novo." *State Department of Mental Health, Retardation, and Hospitals v. Rhode Island Council 94,* 692 A.2d 318, 323 (R.I.1997) (quoting *Providence Teachers' Union Local 958—American Federation of Teachers v. Providence School Committee,* 433 A.2d 202, 205 (R.I.1981)).

Moreover, " 'the right to have the grievance heard in arbitration at all, [is] the equivalent of subject matter jurisdiction in the courts.' " *Rhode Island Brotherhood of Correctional Officers,* 707 A.2d at 1235. Consequently, "we are not barred from reaching [the question of arbitrability] sua sponte, nor would any party have been precluded from raising it at any time." *Id.*

Although neither party has raised the issue concerning the validity of the underlying CBA and its effect on the arbitrator's subject-matter jurisdiction in this case, we not only raise this question, but conclude that it is determinative of this appeal. Previously, this Court has observed that when the instant CBA was forwarded to the Providence City Council, that body rejected the agreement. *See Providence Teachers Union v. Providence School Board,* 689 A.2d 388, 390 (R.I.1997). As a result of this rejection, the CBA has been held to be "void and unenforceable," *id.* (citing *Providence Teachers Union v. Providence School Board,* 689 A.2d 384, 388 (R.I.1996)), and consequently cannot possibly serve as the basis for submitting a grievance to arbitration. *See id.* at 391. Since the parties in this case have submitted their dispute to an arbitrator pursuant to a "void and unenforceable" agreement, we conclude that the arbitrator was without subject-matter jurisdiction to pass upon this matter.

Accordingly, for the foregoing reasons, the defendant's appeal is sustained and the judgment appealed from is vacated. The papers in this case are remanded to the Superior Court.