**Anne M. PATENAUDE**

v.

**JOHN HANCOCK PROPERTY AND CASUALTY INSURANCE COMPANIES and Richard A. Bachmann.**

**No. 2000–56–Appeal.**

Supreme Court of Rhode Island.

Oct. 17, 2001.

Aram R. Schefrin, Providence.

John A. McQueeney, Jr., Providence.

**O R D E R**

In this case, the plaintiff, Anne M. Patenaude (Patenaude), appeals from a declaratory judgment finding that the defendant, John Hancock Property and Casualty Insurance Companies ("John Hancock"), her insurer, is entitled to subrogation rights relative to its payment of $50,000, made pursuant to Patenaude's underinsured motorist coverage provided by her liability insurance policy with John Hancock. Patenaude claims that the findings made by a binding arbitration panel establish that John Hancock is not entitled to subrogation of its $50,000 payment to her.

On August 12, 1993, the plaintiff Patenaude's vehicle was struck from behind by a vehicle operated by the defendant Richard A. Bachmann (Bachmann). Patenaude was insured by John Hancock and Bachmann by Allstate Insurance Company. Patenaude filed a civil action for damages against Bachmann. In that action still pending in the Superior Court, she seeks damages that she believes will exceed the amount of Bachmann's coverage under its policy ($100,000). Accordingly, she made claim for underinsured coverage against her own insurance carrier, John Hancock.

John Hancock and Allstate, then pursuant to an interinsurance carrier agreement, submitted the matter to binding arbitration. A panel of arbitrators found that Patenaude's damages could total $110,000, and John Hancock then paid her $50,000, the full amount of underinsured motorist protection in her policy. John Hancock then noticed its claim for reimbursement or subrogation against any settlement or judgment in favor of Patenaude resulting from her pending Superior Court civil action against Bachmann.

Patenaude responded to John Hancock's subrogation claim by filing a petition for a declaration of her rights under her John Hancock policy. Cross motions for summary judgment in the declaratory action were filed, and a Superior Court hearing justice granted John Hancock's motion and denied Patenaude's. In doing so, he found that because the arbitration award had never been confirmed, John Hancock's right of subrogation under G.L.1956 § 27–7–2.1 had not been prescribed, and John Hancock's amount of subrogation would be determined once settlement occurred, or a judgment in the pending damage action was entered. This appeal from the declaratory judgment followed.

The appeal came before a single justice of this Court at a prebriefing conference, who ordered the parties to later appear to show cause why this appeal should not be summarily decided. They did appear and after hearing their arguments and considering their legal memoranda, we conclude that cause has not been shown and we proceed to summarily decide the appeal.

The parties do not dispute the facts considered by the hearing justice in ruling on the cross-motions for summary judgment. Patenaude argues here that the arbitration panel's finding that her damages totaled $110,000 was both final and binding on John Hancock and that the addition of statutory interest on that amount brings her total award to more than $150,000, and precludes John Hancock from any right of subrogation because the total damages exceed the combined policy limits of Allstate's coverage and John Hancock's underinsured motorist policy obligation. The plaintiff also asserts that G.L.1956 § 10–3–11 provides only that a party "may" rather than "must" confirm an arbitration award within one year and that G.L. § 10–3–2 makes an arbitration award binding on its own terms without recourse to court confirmation.

John Hancock counters here that G.L. § 27–7–2.1(h) gives it the right to subrogation and that the arbitration award has no preclusive effect upon that right because it was never confirmed as a final judgment pursuant to G.L. § 10–3. John Hancock also contends that it would still have subrogation rights even if the award had been confirmed, and that the plaintiff's pending civil action for damages against Bachmann must proceed in order for the amount of any subrogation to be finally determined.

"This [C]ourt has held that when an arbitration award is confirmed by the Superior Court, it is equivalent to a final judgment in an action at law." *E.W. Audet & Sons, Inc. v. Fireman's Fund Insurance*, 635 A.2d 1181, 1186 (R.I.1994).

The arbitration panel's determination of damages in this case however does not have preclusive effect because no final judgment thereon was entered in the matter. Patenaude could have, but did not seek confirmation of the arbitration award in the Superior Court. Accordingly, the precise amount of John Hancock's subrogation claim has yet to be determined from the amount of any settlement or judgment resulting from the plaintiff's civil damages action against Bachmann. Under the John Hancock policy, the company may then be reimbursed for any part of its $50,000

payment not needed to make the plaintiff Patenaude whole.

The plaintiff we note may still retain her right to pursue a common law action to enforce the arbitration award and then upon a favorable final judgment rendered in such action renew her claim that such judgment has preclusive effect against John Hancock. We have long recognized the existence of the common law right to arbitration. *Harris v. Social Manufacturing Co.*, 8 R.I. 133, 139 (1864) and its coexistence with Title 10 Chapter 3. *See, e.g., Bradford Dyeing Association v. J. Stog Tech. GmbH*, 765 A.2d 1226, 1238 n. 8, 1239 n. 10 (R.I.2001).

Based on the foregoing, the plaintiff's appeal is denied and dismissed, and we affirm the summary judgment entered by the Superior Court. The papers in this case are to be returned to the Superior Court.