**David DESJARLAIS**

v.

**USAA INSURANCE COMPANY.**

**No. 2001–490–APPEAL.**

Supreme Court of Rhode Island.

March 6, 2003.

Ronald J. Resmini, Providence, for Plaintiff.

Donna M. Lamontagne, Wellesley, MA, for Defendant.

Present: WILLIAMS, C.J., FLANDERS and GOLDBERG JJ., and SHEA, J. (Ret.).

## OPINION

PER CURIAM.

This case came before the Court for oral argument on February 3, 2003, pursuant to an order that had directed all parties to appear and show cause why the issues raised on this appeal should not summarily be decided. Because they have not done so, we proceed to decide the appeal ·at this time.

The plaintiff, David Desjarlais (plaintiff) appeals from a Superior Court order and judgment confirming an arbitration award in favor of defendant, USAA Insurance Company (USAA).

This matter arose out of a motor vehicle accident on February 7, 1995, involving plaintiff and another motorist, Jon K. Polis. The plaintiff settled the claim against Polis with the motorist's insurance carrier, Nationwide Insurance, and received a payment for $100,000 on June 2, 2000. However, plaintiff sought additional recovery from his own carrier, USAA, under the uninsured/underinsured motorist coverage provided in the insurance policy.[1]

As provided in the policy, the claim was submitted to arbitration. On July 6, 2001, the arbitrators issued a decision in favor of defendant. The panel found that the damages plaintiff incurred as a result of the accident were insufficient to require compensation from the defendant's policy. In a July 20, 2001 supplement to the decision, the arbitrators indicated that their finding was based on plaintiff's failure to prove

---

1. A loss of consortium lawsuit was also filed against USAA on behalf of plaintiff's wife and child. Summary judgment was entered in favor of defendant, and an appeal is pending before this Court. On January 16, 2003, this Court denied plaintiff's motion to consolidate the loss of consortium lawsuit with the instant matter. *Desjarlais v. USAA Insurance Co.*, No.2002–137–A (R.I., filed Jan. 16, 2003)(mem).

that he suffered a permanent disability. The plaintiff conceded that he did not submit any medical evidence concerning the permanency of his injuries to the arbitration panel, but he maintained there was a possibility that his condition could materialize into a permanent disability.

On August 22, 2001, defendant filed a motion for confirmation of arbitration award pursuant to G.L.1956 § 10–3–11. The motion was granted and plaintiff appealed.[2]

On appeal, plaintiff seeks reversal of the arbitration award. He argues that the arbitrators did not and could not make a final determination of the extent of plaintiff's injuries. Citing to *Cole v. Charron*, 477 A.2d 959 (R.I.1984), plaintiff argues that the arbitration award should not have been confirmed because plaintiff should have the right to return to court to pursue a lawsuit if there is a change in his physical condition.[3]

■ It is well settled that judicial review of an arbitration award is very limited. *Liberty Mutual Insurance Co. v. Tavarez*, 797 A.2d 480, 484 (R.I.2002). "[A]bsent a manifest disregard of a contractual provision or a completely irrational result, the [arbitration] award will be upheld." *Town of North Providence v. Local 2334 International Assoc. of Fire Fighters, AFL–CIO*, 763 A.2d 604, 606 (R.I.2000) (per curiam) (quoting *Providence Teachers Union v. Providence School Board*, 725 A.2d 282, 283 (R.I. 1999)). Moreover, an order confirming an arbitration award must be granted "unless the award is vacated, modified or corrected, as prescribed in §§ 10–3–12—10–3–14." Section 10–3–11.

There are four grounds for vacating an arbitration award. Section 10–3–12 provides:

"In any of the following cases, the court must make an order vacating the award *upon the application of any party* to the arbitration:

(1) Where the award was procured by corruption, fraud, or undue means.

(2) Where there was evident partiality or corruption on the part of the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in hearing legally immaterial evidence, or refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been substantially prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." (emphasis added.)

The plaintiff did not file a motion to vacate the award, nor did he allege any of the foregoing grounds to justify vacating the arbitrators' award in his objection to defendant's motion to confirm. Rather, plain-

---

2. It should be noted that the final order and judgment were entered on October 1, 2001. Thus, plaintiff's appeal would be premature pursuant to Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure, but for this Court's holding in *Russell v. Kalian*, 414 A.2d 462, 464 (R.I.1980) (appeal filed after oral decision but before entry of final judgment treated as timely in the interests of justice and to avoid undue hardship).

3. On appeal plaintiff also argues that the arbitration decision should be reversed on the grounds that plaintiff's wife has the right to bring an action for loss of consortium. However, we reserve discussion of this matter because the loss of consortium lawsuit is pending before this Court, and because plaintiff conceded at the confirmation hearing in Superior Court that the matter was not germane to the arbitration issue.

tiff relies on this Court's holding in *Cole* to support his request that the Superior Court's ruling be reversed.

In *Cole*, the plaintiff was a victim of multiple motor vehicle collisions involving the defendant and an unidentified, uninsured motorist. *Cole*, 477 A.2d at 960. The plaintiff successfully obtained through arbitration an award from her insurance carrier pursuant to the hit-and-run-driver protection offered under her liability insurance policy. *Id.* On plaintiff's motion, the Superior Court confirmed the arbitration award. *Id.* The plaintiff next sought damages from the defendants for a separate collision. *Id.*

■ The defendants moved for dismissal on a collateral estoppel theory. *Cole*, 477 A.2d at 960. Collateral estoppel "makes conclusive in a subsequent action on a different claim the determination of particular issues actually litigated in a prior action as long as the issues are identical, the prior judgment was final, and the individual who is the subject of the estoppel was a party or in privity with a party in the prior action." *Id.* at 961 (citing *Providence Teachers Union v. McGovern*, 113 R.I. 169, 172, 319 A.2d 358, 361 (1974)). The defendants' argument that plaintiff was barred from pursuing the litigation was based on the premise that the arbitration award was deemed a final judgment after it was confirmed by the Superior Court. *Id.* at 960, 962. *See also Patenaude v. John Hancock Property and Casualty Insurance Co.*, 785 A.2d 563, 564 (R.I.2001) (mem.) (arbitration award confirmed by Superior Court is equivalent to final judgment in action at law).

In *Cole*, the plaintiff was not estopped from proceeding against the defendants because the arbitration concerned only the claim against the hit-and-run driver, without a determination of what damages plaintiff had suffered from the separate collision with defendant. *Cole*, 477 A.2d at

961. Thus, this Court ruled, "[s]ince the extent of [defendants'] responsibility for the initial damages sustained by [plaintiff] was not and could not be determined by the arbitrator, [plaintiff] was not estopped from proceeding with her civil action." *Id.*

In this case, plaintiff argues that the arbitration decision should be reversed because the extent of his injuries "were not and could not be finally determined by the arbitrators." Thus, plaintiff argued, if his physical condition changes, he has the right to return to court.

■ The plaintiff's application of the *Cole* holding is misguided. In *Cole*, the plaintiff's litigation against defendants was permissible because this Court found that the issue to be resolved by the jury was not identical to the issue decided by the arbitrator for a separate collision. *Cole*, 477 A.2d at 961. Here, the arbitrators had considered the issue of damages owed to plaintiff vis-à-vis both the tortfeasor's insurance carrier and the defendant, USAA. They had concluded that "the Plaintiff's damages incurred as a proximate result of injuries sustained in the accident of February 7, 1995 were not in a sum sufficient to require benefits/compensation from USAA as underinsured/UM carrier."

The confirmation of the arbitration award to the defendant was appropriately granted. However, whether *res judicata* or collateral estoppel bar the plaintiff from initiating future litigation if a permanent disability materializes is not germane to the matter before this Court and is not addressed herein.

For these reasons, the plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed. The papers of this case are remanded to the Superior Court.